**Paul M. KNIGHT, Plaintiff,**

v.

**E. E. SAUNDERS & COMPANY, a Florida corporation, Defendant.**

**Paul M. KNIGHT, Libellant,**

v.

**M/V The MYSTIC C, etc., and E. E. Saunders & Company, a Florida corporation, Respondent.**

**Civ. No. 622–P, Admiralty No. 629–P.**

United States District Court
N. D. Florida, Pensacola Division.

Sept. 14, 1955.

Monte K. Rassner and Arthur Roth, Miami, Fla., for plaintiff and libellant.

Yonge, Beggs & Lane, Pensacola, Fla., for defendant and respondent.

DE VANE, Chief Judge.·

These two cases were consolidated for trial and will be disposed of under one Memorandum Decision.

A libel was filed by Knight against the "Mystic C" on September 24, 1953. In that libel suit it was alleged "that at all times pertinent to this cause of action until the 7th day of July, 1952 libellant was employed aboard the 'Mystic C' by respondent." It was further alleged that on May 15, 1952, while aboard the "Mystic C" libellant was rendered seriously ill and required medical treatment and hospitalization for said illness. Libellant claimed maintenance and cure until he had reached his maximum recovery. He

also claimed compensation for expenses he anticipated would be incurred in the future. By this libel he sought damages in the sum of $3,500.

That suit resulted in a final decree in libellant's favor, dated May 7, 1954, for $967.50. In that case the court held libellant was entitled to a decree awarding maintenance for 170 days (July 30, 1952 to January 16, 1953) at the rate of $5 per day; plus $80 for medicine; $21 for doctors' bills and $16.50 for transporation to and from the Marine Hospital at Mobile, Alabama. The claims of libellant for maintenance and cure after January 16, 1953 were specifically denied.

An appeal was noticed in that case, but was never perfected and upon a stipulation filed by proctors for the respective parties on October 18, 1954, the appeal was dismissed.

On November 30, 1954 the civil action, under the Jones Act, 46 U.S.C.A. § 688, now before the court, was filed by Knight against E. E. Saunders & Company seeking to recover damages in the sum of $35,000. The complaint in this case claims the vessel "Mystic C" was unseaworthy when Knight worked as a seaman upon it "from March, 1952 through the month of June, 1952."

On November 30, 1954 Knight also filed in this court another libel against the motor vessel "Mystic C" et al. This libel covers all time libellant had been employed by respondent prior to July 7, 1952 and seeks maintenance and cure subsequent to the date for which maintenance and cure was awarded in the first case, in the total amount of $1,200.

Knight has been a seaman all his mature life. Most of his work as a seaman has been on fishing vessels such as the "Mystic C". He is now in his late sixties and is and has been for some years in poor health due to certain chronic ailments that will be specifically referred to later.

The evidence shows that Knight's first employment on the "Mystic C" was from April 30 to May 24, 1952 and that his second employment was from June 7 to July 2, 1952. These are the only periods during which Knight was employed on any vessel operated by the E. E. Saunders & Company.

The evidence in the case further discloses that prior to October 22, 1948 Knight developed chronic bronchitis and emphysema and hospital records were introduced in evidence in this case showing frequent visits to marine hospitals by Knight for treatment of his chronic bronchitis and emphysema from October 22, 1948 through January 8, 1955. The hospital reports also disclose that he had a latent tubercular condition that had, on several occasions, become active, but in due course and with hospital treatment, soon became inactive again and was inactive on the date of the trial of these cases.

The record in the case further discloses that although Knight's health is poor and he is eligible for hospitalization he has persistently declined it and by these suits seeks to establish a precedent by which he may compel E. E. Saunders & Company to take care of him for the rest of his life.

### The Admiralty Claim

■■ The evidence in this case discloses, without controversy, that this libel represents a new effort on the part of libellant to recover damages he failed to recover in his first libel. The amount sought to be recovered in the suit is substantially the same as that sought to be recovered in the first libel filed by Knight on September 24, 1953, which was specifically denied by the court in that case. The claim set forth in this libel is, therefore, res judicata. The court, however, is unwilling to rest its decision on this ground alone for the reason that the court is fully satisfied that disregarding the defense of res judicata Knight has no cause of action for maintenance and cure against respondent.

While the United States Government, by legislation, has made seamen wards of

the United States, the laws passed for their benefit do not make them permanent wards of the company last employing them when they finally become incapacitated for work as the evidence discloses Knight is today. Knight has available for his maintenance and cure the Maritime Hospitals established by the United States for the benefit of seamen of his class and condition, but the court finds and holds that the laws with reference to the maintenance and cure of seamen does not cast the same burden upon their employers. Respondent has completely met its legal obligations to Knight in so far as the law places obligations upon ship owners, for maintenance and cure.

### Civil Action under the Jones Act

The evidence in this case clearly shows that the action now before the court under the Jones Act is an afterthought on the part of Knight's counsel. The libel filed September 24, 1953 covered the same period of employment as that covered by the Jones Act Case now before the court. The evidence offered by Knight in this case varies little, if any, from the evidence offered by him to suport his claim for maintenance and cure in his first libel case. The court has carefully considered all the testimony offered by plaintiff touching the matter of the unseaworthy condition of the "Mystic C" and finds and holds that plaintiff has failed to carry the burden establishing the unseaworthy condition of the vessel. No purpose would be served by a detailed summation of this evidence. The condition encountered on the "Mystic C" by plaintiff was not shown to be any different from that encountered on all similar fishing vessels.

From the record as a whole the court finds and holds plaintiff is not entitled to recover any damages from the defendant because of the alleged unseaworthy condition of the vessel.

Appropriate orders will be entered in each case in conformity with this memorandum decision.